Larry **RODRIGUEZ**, Plaintiff–Appellant,

v.

**EASTMAN KODAK COMPANY**, Defendant–Appellee.

No. 03–7176.

United States Court of Appeals, Second Circuit.

March 3, 2004.

Larry Rodriguez, Rochester, NY, for Plaintiff–Appellant, pro se.

T. Andrew Brown, Brown & Hutchinson, Rochester, NY, for Defendant–Appellee.

PRESENT: STRAUB, B.D. PARKER, Circuit Judges, and STANTON, District Judge.*

## SUMMARY ORDER

Plaintiff–Appellant Larry Rodriguez ("Rodriguez") appeals from the judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge* ) dismissing his *pro se* class action complaint.

In the complaint, Rodriguez seeks "equitable relief classwide for Kodak employees, past and present, whom have been harmed by [Kodak's] discriminatory employment practices." Although plaintiffs have a right to proceed *pro se* in civil actions pursuant to 28 U.S.C. § 1654, a *pro se* plaintiff may not seek to represent the interests of third-parties. *See Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir.1998). Moreover, it is well established that "a *pro se* class representative cannot adequately represent the interests of other class members." 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.25[4][c][v] (3d ed.2003). Because Rodriguez does not appear to be asserting any individual claims, we agree that the dismissal of his complaint was proper.

Rodriguez also asserts that his case should have been decided by the district court judge originally assigned to his case. We note that 28 U.S.C. § 137 grants district courts wide discretion to set rules for the division of cases and the management of court business. Rodriguez has not established that there has been any violation of the local rules for case assignment, nor has he demonstrated that the case assignment was motivated by improper bias.

Accordingly, the judgment of the District Court is AFFIRMED.